1  SCHEER LAW GROUP, LLP
   SPENCER P. SCHEER #107750
2  JOSHUA L. SCHEER #242722
   REILLY D. WILKINSON #250086
3  JONATHAN SEIGEL #168224
   155 N. Redwood Drive, Suite 100
4  San Rafael, CA  94903
   Telephone:  (415) 491-8900
5  Facsimile:  (415) 491-8910
   P.100-203S-A
6
   Attorneys for
7  Defendant PAUL FINANCIAL, LLC

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10

11 PHAL PACHECO,                     No. 2:10-CV-00085-GEB-GGH

12                                   [San Joaquin County Superior Court
              Plaintiff,
13                                   Case No. 39-2009-00228012-CU-MC-
          vs.                        STK]
14
15 PAUL FINANCIAL, et al.,           **DEFENDANT PAUL FINANCIAL
                                     LLC'S MEMORANDUM OF
              Defendants.            POINTS AND AUTHORITIES IN
16                                   SUPPORT OF MOTION TO
17                                   DISMISS COMPLAINT OR,
                                     ALTERNATIVELY, FOR A MORE
                                     DEFINITE STATEMENT**
18
19                                   Date: February 25, 2010
                                     Time: 10:00 a.m.
20                                   Place: U.S. District Court Eastern District
                                          Courtroom 9, 13th floor
21                                        501 I Street
                                          Sacramento, California
22

23

24

25

26

27

28
   DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN
   SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE
                            DEFINITE STATEMENT

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................1

II.     FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF..........................1

III.    SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF...........................4

IV.     THIRD CAUSE OF ACTION FOR DETERMINATION OF LIEN ...................4

V.      FOURTH CAUSE OF ACTION FOR BREACH OF COVENANT OF GOOD FAITH
        AND FAIR DEALING.............................................................................5

VI.     FIFTH CAUSE OF ACTION FOR VIOLATION OF TILA..............................6

VII.    SIXTH CAUSE OF ACTION FOR VIOLATION OF RESPA............................7

VIII.   SEVENTH CAUSE OF ACTION FOR VIOLATION OF
        CIVIL CODE § 1916.7b(2)...............................................................8

IX.     EIGHTH CAUSE OF ACTION FOR VIOLATION OF
        CIVIL CODE §§ 1918.5-
        1921............................................................................................9

X.      NINTH CAUSE OF ACTION FOR VIOLATION OF
        CIVIL CODE § 1916.7B.................................................................10

XI.     TENTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE
        § 1916.7 10(C).............................................................................10

XII.    ELEVENTH CAUSE OF ACTION FOR VIOLATION OF
        CIVIL CODE § 2079.16.................................................................10

XIII.   TWELFTH CAUSE OF ACTION FOR VIOLATION OF REG. 226.23(3)...........12

XIV.    THIRTEENTH CAUSE OF ACTION FOR VIOLATION OF
        CIVIL CODE § 2932.5...................................................................14

XV.     FOURTEENTH CAUSE OF ACTION FOR RESCISSION...........................14

XVI.    FIFTEENTH CAUSE OF ACTION FOR FRAUD.......................................15

XVII.   SIXTEENTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES.......17

i

XVIII.  SEVENTEENTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY
        DUTY..................................................................................................17

XIX.    EIGHTEENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT.............18

XX.     NINETEENTH CAUSE OF ACTION FOR
        UNCONSCIONABILITY UNDER UCC 2-3202..........................................18

XXI.    TWENTIETH CAUSE OF ACTION FOR VIOLATION
        OF B&P CODE § 17200...........................................................................19

MOTION FOR MORE DEFINITE STATEMENT............................................19

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page**

*Ashcroft v. Iqbal,* ___U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (May 18, 2009).......2, 8, 19

*Bankers Trust v. McFarland,* supra, 743 N.Y.S.2d at p. 808.................................................7

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570, 127
S. Ct. 1955, 1964-65 (2007)..............................................................................1, 6, 8, 12

*Betancourt v. Countrywide Home Loans, Inc.,*
344 F. Supp. 2d 1253, 1258 (D. Colo. 2004).................................................................7

*Bradler v. Craig* (1969) 274 Cal.App.2d 466, 473, 476.................................................15

*Branch v. Tunnell* (9th Cir. 1994) 14 F.3d 449, 454.................................................fn 3

*Bryant v. Avado Brands, Inc.* (11th Cir. 1999) 187 F.3d 1271, 1281, fn. 16...................fn 3

*Byars v. SCME Mortgage Bankers, Inc.,*
109 Cal. App. 4th 1134, 1149 (Cal. App. 4th Dist. 2003).................................................7

*California Insurance Guarantee Assoc. v. Superior Court,*
231 Cal.App.3d 1617, 1623-1624.................................................................................2

*Dinosaur Development, Inc.,* 216 Cal.App.3d at 1315.................................................18

*Downey v. Humphreys* (1951) 102 Cal.App.2d 323, 332.................................................17

*Fidelity Federal Sav. & Loan Assn. v. de la Cuesta,* 458 U.S. 141, 153 (1982)...................fn 1

*Fox & Carskadon Financial Corp. v. San Francisco Fed. Sav. & Loan Assn.* (1975)
52 Cal.App.3d 484, 488, 489.................................................................................15

*Galbraith v. County of Santa Clara* (9th Cir. 2002) 307 F.3d 1119, 1127)...................fn 3

*In re Atmel Corp. Derivative Litigation,* C 06-4592, 2007 U.S. Dist. LEXIS 54058,
2007 WL 2070299, at *10 (N.D. Cal. Jul. 16, 2007).................................................4

*In re Stac Electronics Sec. Litig.,* 89 F. 3d 1399, 1403 (9th Cir. 1996).........................2

*Khoury v. Maly's of California, Inc.,* 14 Cal. App. 4th 612 (1993).........................17, 19

*Kim v. Sumitomo Bank* (1993) 17 Cal. App. 4th 974, 981.................................................17

*Knievel v. ESPN* (9th Cir. 2005) 393 F.3d 1068, 1076.................................................fn 3

iii

*Lectrodryer v. Seoulbank*, 77 Cal.App.4th 723, 726………………………………..18

*McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 799……………………………...5

*Monaco v. Liberty Life Assur. Co.*, No., 3:06-cv-07021-PJH
(C06-07021 MJJ), 2007 WL 420139, at *6 (N.D. Cal. Feb. 6, 2007)…………………………12

*Montoya v. McLeod* (1985) 176 Cal.App.3d 57……………………………….11

*National Home Equity Mortgage Assn. v. Face* ("Face"),
239 F.3d 633, 637 (4th Cir. 2001)……………………………………..8

*Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)………………………………….3

*Nymark v. Heart Fed. Sav. & Loan Ass'n* (1991) 231 Cal.App.3d 1089, 1092……………16

*Pantoja v. Countrywide Home Loans, Inc.*,
640 F. Supp. 2d 1177, 1188-1189 (N.D. Cal. 2009)………………………………..14

*Pasadena Live, LLC v. City of Pasadena* (2004) 114 Cal.App.4th 1089, 1092-
1094…………………………………………………………………………………..6

*Peterson Development Corp. v. Torrey Pines Bank* (1991)
233 Cal.App.3d 103, 119…………………………………………………...15

*Powers v. Sims and Levin*, 542 F.2d 1216 (4th Cir. 1976)………………………………….13

*Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476………………………………17

*Racine & Laramie, Ltd. v. Department of Parks & Recreation* (1992)
11 Cal.App.4th 1026, 1031-1035………………………………………………….5

*Semar v. Platte Valley Federal Savings and Loan*, 791 F.2d 699 (9th Cir. 1986)……………13

*Silicon Knights v. Crystal Dynamics*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997)…………17, 19

*Smith v. Allstate Ins. Co.*, 160 F.Supp.2d 1150, 1152 (S.D.Cal. 2001)…………………………15

*StreamCast Networks, Inc. v. IBIS LLC*, C 05-04239, 2006 U.S. Dist. LEXIS 97607, 2006 WL
5720345, at *4-5 (C.D. Cal. May 2, 2006)………………………………………………2

*Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir., 2007)…………………………………….3

*Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157……………………3

*Vess v. Ciba-Geigy Corp. USA* (9th Cir., 2003) 317 F.3d 1097, 1103-1104………………….3

*Wagner v. Benson* (1980) 101 Cal.App.3d 27, 34-35............................15

*Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773............................11

*Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003)............................13

**Codes**

12 CFR § 226.17............................12, 13

12 CFR 226.19(b)............................9

12 C.F.R. § 226.2(a)(13)............................7

12 CFR 226.20(c)............................9

12 CFR § 226.23............................12

12 C.F.R. § 560.210............................9

12 C.F.R. § 560.210(a)............................9

12 C.F.R. § 560.210(b)............................9

12 U.S.C. § 2607............................7

12 U.S.C. § 2614............................7

12 U.S.C. sections 3801, *et seq.*............................8

12 U.S.C. §§ 3801-3803............................8

15 U.S.C. § 1635(b)............................13

15 U.S.C. § 1640(e)............................7

Business and Professions Code § 17200............................17

California Civil Code sections 1916.7............................9

California Civil Code § 1916.7b(2)............................8

California Civil Code §§ 1918.5-1921............................9, 10

California Civil Code § 2079.14............................10, 12

California Civil Code § 2079.16............................10, 12

Commercial Code § 2-3202............................18

Commercial Code § 9313............................4

v

1

Fed. R. Civ. P. 8.............................................................................19

Fed. R. Civ. P. 12(e)........................................................................18

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

This is a factually-devoid boilerplate complaint filed by a *pro se* defendant. Complaints of this nature are being "sold" to borrowers by foreclosure consultants and are also available on the internet.

The main allegation in the Complaint is that Defendants breached their duty to Plaintiff by underwriting a loan Plaintiff could not afford. This allegation is repeatedly made. As shown below, underwriting standards are to protect lenders, not borrowers, and lenders have no underwriting duties towards borrowers as a matter of law.

Plaintiff also makes boilerplate allegations that certain disclosures were not made in a "clear and conspicuous manner", did not disclose vital information, and the like, without any specifics. As shown below, all required disclosures were made and all required information properly disclosed.

Plaintiff further alleges that the terms of the loan changed after he initially applied for it. Of course, this is a common circumstance. Plaintiff does not allege that he did not receive new disclosures setting forth the new loan terms.

## II.   FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

Plaintiff alleges that the Deed of Trust's power of sale is void based on the failure to make disclosures and fraud. [Complaint ¶¶ 44-45.] Plaintiff lists an alphabet soup of statutory schemes that have allegedly been violated without identifying what part of each scheme has been violated or how. In short, this is a classic boilerplate, factually-devoid cause of action which should be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007).

As a threshold matter, this cause of action should be dismissed because Plaintiff has

1

1  adequate remedies elsewhere. A claim for declaratory relief is unnecessary where an adequate

2  remedy exists under some other cause of action. *StreamCast Networks, Inc. v. IBIS LLC*, C 05-

3  04239, 2006 U.S. Dist. LEXIS 97607, 2006 WL 5720345, at *4-5 (C.D. Cal. May 2, 2006).

4  Declaratory relief is improper to determine issues raised in other causes of action. *California*

5  *Insurance Guarantee Assoc. v. Superior Court*, 231 Cal.App.3d 1617, 1623-1624. As shown

6  below, the claims raised in this declaratory relief cause of action are duplicative of those raised

7

8  in the other causes of action, including the causes of action to determine the nature, extent and

9  validity of the lien, Truth in Lending Act ("TILA") violations, rescission, and the like.

10  Therefore, this cause of action should be dismissed.

11      Even if Plaintiff could overcome this procedural obstacle, he still has not stated a proper

12  claim because, as noted above, his factual allegations consist of conclusions without any real

13  facts. As the United States Supreme Court recently held in *Ashcroft v. Iqbal*, ___U.S. ___, 129

14

15  S.Ct. 1937, 173 L.Ed.2d 868 (May 18, 2009), "[T]hreadbare recitals of the elements of a cause of

16  action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1950. A court

17  is not required to "accept as true a legal conclusion couched as a factual allegation." *Id.*; *see also*

18  *In re Stac Electronics Sec. Litig.*, 89 F. 3d 1399, 1403 (9th Cir. 1996) ("conclusory allegations of

19  law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a

20  claim.") Indeed, Plaintiff does not even aver "[T]hreadbare recitals of the elements of a cause of

21  action. Rather, Plaintiff lists a grab bag of statutory schemes and contend they have been

22

23  violated because unidentified disclosures have not been made and due to unspecified fraud.

24  Accordingly, Plaintiff fails to state a claim.

25      Exacerbating Plaintiff's failure to provide anything more than the most generic

26  allegations is the fact that this cause of action is partly based on fraud. [Complaint ¶ 44, last

27                                                2

28  DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE
DEFINITE STATEMENT

1  sentence.]  Claims for something other than fraud, as here, which are based on or "grounded in"

2  fraud, must be plead with specificity.  *Vess v. Ciba-Geigy Corp. USA* (9th Cir., 2003) 317 F.3d

3  1097, 1103-1104.

4        "[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b)

5  requires more specificity including an account of the 'time, place, and specific content of the

6  false representations as well as the identities of the parties to the misrepresentations.' [citation

7

8  omitted]."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir., 2007).  Specifically, "the

9  complaint must specify such facts as the times, dates, places and benefits received, and other

10  details of the alleged fraudulent activity."  *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

11        Further, a fraud claim against a corporate employer must "allege the names of the persons

12  who made the allegedly fraudulent representations, their authority to speak, to whom they spoke,

13  what they said or wrote, and when it was said or written."  *Tarmann v. State Farm Mut. Auto.*

14

15  *Ins. Co.,* 2 Cal.App.4th 153, 157.  In addition, lumping all defendants together is impermissible:

16        "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but
       'require[s] plaintiffs to differentiate their allegations when suing more than one defendant

17       . . . and inform each defendant separately of the allegations surrounding his alleged
       participation in the fraud.' *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439

18       (M.D. Fla. 1998) (citation, quotation omitted).  In the context of a fraud suit involving
       multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each]

19       defendant[] in the alleged fraudulent scheme.' *Moore v. Kayport Package Express, Inc.*,
       885 F.2d 531, 541 (9th Cir. 1989)."

20  *Swartz, supra,* 476 F.3d at 764-765.

21
22        Plaintiff has not even come close to meeting these requirements.  He has lumped all

23  defendants together without differentiation, has not provided the "who, what, where, when", has

24  not identified the individual employees involved, etc.  For this additional reason, this cause of

25  action should be dismissed.

26  //

27  //                                              3

28  DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN
     SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE
     DEFINITE STATEMENT

## III.  SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF

Injunctive relief is not an independent cause of action. *In re Atmel Corp. Derivative Litigation*, C 06-4592, 2007 U.S. Dist. LEXIS 54058, 2007 WL 2070299, at *10 (N.D. Cal. Jul. 16, 2007).  Accordingly, this cause of action should be dismissed without leave to amend.

## IV.  THIRD CAUSE OF ACTION FOR DETERMINATION OF LIEN

Plaintiff continues to recklessly invoke statutes by asserting that Defendants have not complied with Commercial Code § 9313 and, based thereon, requests a determination as to the validity of the lien created by the subject Deed of Trust. [Complaint ¶¶ 53-57.] The factual basis of this cause of action is unclear and, for that reason, this cause of action should be dismissed.

Even if Plaintiff had alleged clear, meaningful facts, he still fails to state a claim. Plaintiff cannot show that Defendant PAUL FINANCIAL violated Commercial Code § 9313 because, as a matter of law, that statute  does not apply to security interests in real property and, therefore, has no application to this matter.  Section 9313, by its own terms, applies to security interests in tangible negotiable documents, goods, instruments, money, tangible chattel paper, and miscellaneous collateral.  Real property is not mentioned anywhere in § 9313.  Although § 9313 applies to promissory notes, there is no allegation in the Complaint that Defendants are claiming a security interest **in** the subject **note**.  Rather, Plaintiff's **real property** is the security for the note. [Complaint ¶ 16.]  Put another way, Plaintiff does not allege that Defendants are claiming a lien on the subject promissory note, but on Plaintiff's real property.  Accordingly, § 9313, which does not apply to real property liens, is inapplicable.  Therefore, this cause of action should be dismissed without leave to amend.

DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE
DEFINITE STATEMENT

1    **V.    FOURTH CAUSE OF ACTION FOR BREACH OF COVENANT OF GOOD**
     **FAITH AND FAIR DEALING**
2

3         Plaintiff alleges that Defendants breached the implied covenant of good faith and fair

4    dealing by withholding unidentified documents, utilizing insufficient underwriting standards,

5    placing Plaintiff into a loan he could not afford, paying or receiving a yield spread premium

6    ("YSP"), and failing to disclose the dissemination of negative credit scores.  [Complaint ¶ 62.]

7         First, this cause of action fails as a matter of law because, with the exception of the YSP

8    and negative credit score allegations, it is based upon alleged misconduct that took place before

9
     the loan closed.  The implied covenant of good faith and fair dealing is "a supplement to an
10
     existing contract."  *McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 799; *Racine &*
11
12   *Laramie, Ltd. v. Department of Parks & Recreation* (1992) 11 Cal.App.4th 1026, 1031-1035.

13   The implied covenant "does not require parties to negotiate in good faith **prior to** any

14   agreement."  *Id.*  [Emphasis added.]

15        Nor does the implied covenant provide a remedy for pre-contractual misrepresentations

16   or non-disclosures.  In *McClain*, 159 Cal.App.4th at 798, the plaintiff alleged that the defendant

17
     had negotiated a lease with plaintiff on a per-square-foot basis, but misrepresented the size of the
18
19   premises, thus extracting a higher rent.  McClain also alleged that, in negotiating the lease, the

20   landlord's misrepresentation as to the size of the leased premises led to McClain's agreeing to

21   pay more than her proportionate share of the shopping center's common expenses.  *Id.* at 799.

22   The Court held that "[I]nsofar as these allegations assert that Octagon violated the implied

23
     covenant **during the negotiations of the lease**, they fail to state a claim."  *Id.*  [Emphasis
24
     added.]
25
26        Second, the covenant is breached when a party deliberately attempts to prevent the other

27                                                    5

28   DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN
     SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE
     DEFINITE STATEMENT

1  party from deriving the benefits of the agreement. *Pasadena Live, LLC v. City of Pasadena*

2  (2004) 114 Cal.App.4[th] 1089, 1092-1094. Here, there are no allegations that PAUL

3  FINANCIAL deliberately attempted to prevent Plaintiff from deriving the benefits of the loan

4  agreement. It is undisputed that Plaintiff received the loan funds. If a YSP was paid or Plaintiff

5  subject to a negative credit report, it would not constitute a breach of the covenant because there

6  is no allegation that the loan agreement prohibited payment of a YSP or making a negative credit

7

8  report.

9        With respect to the alleged YSP, absolutely no information is provided. Who paid it?

10  Who received it? When? How much was it? How did it prevent Plaintiff from obtaining the

11  benefits of the loan agreement? In short, Plaintiff's meaningless allegation regarding an alleged

12  YSP is insufficient to support this cause of action. *Twombly, supra,* 127 S. Ct. at 1974.

13  Similarly, with respect to the alleged improper dissemination of negative credit scores, which

14  Defendants disseminated them? To whom? When? Moreover, lenders, brokers, servicers, etc.,

15  do not disseminate credit scores, credit agencies do so. There is no allegation that Paul Financial

16

17  was or is a credit agency. This allegation is simply nothing more than yet another factually-

18  devoid boilerplate recital.

19        For the foregoing reasons, this cause of action should be dismissed.

20  **VI.  FIFTH CAUSE OF ACTION FOR VIOLATION OF TILA**

21

22        Plaintiff alleges that Defendants violated the Truth in Lending Act ("TILA") by failing to

23  provide accurate disclosures under TILA and failing to comply with the State Legislature's intent

24  with respect to disclosures pertaining to adjustable rate mortgages. [Complaint ¶ 66.] As a

25  preliminary issue, the intent of the state legislature has nothing to do with the federal TILA.

26        The Court need not reach the substance of Plaintiff's TILA allegations because they are

27  6

28  DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN<br>SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE<br>DEFINITE STATEMENT

1    time-barred. An action for damages under TILA must be brought within one year of the alleged

2    violation. 15 U.S.C. § 1640(e). The violation occurs upon consummation of the loan. *Betancourt*

3    *v. Countrywide Home Loans, Inc.*, 344 F. Supp. 2d 1253, 1258 (D. Colo. 2004). A loan is

4    deemed consummated at "the time a consumer becomes contractually obligated on a credit

5    transaction." 12 C.F.R. § 226.2(a)(13). Here, the loan closed on March 9, 2007. [Complaint ¶

6
     2.] This action was filed on December 19, 2009. Accordingly, this cause of action should be
7

8    dismissed without leave to amend.

9    **VII.    SIXTH CAUSE OF ACTION FOR VIOLATION OF RESPA**

10        Plaintiff alleges that Defendants violated RESPA in connection with an alleged YSP.

11   [Complaint ¶ 76.] This claim should be dismissed as time-barred. An improper YSP would fall

12   under 12 U.S.C. § 2607. The limitation period for violation of 12 U.S.C. § 2607 is one year. 12

13
     U.S.C. § 2614. Accordingly, this cause of action is time-barred and should be dismissed with
14

15   prejudice.

16        Substantively, "YSP's are widespread and commonly used as a method to compensate

17   mortgage brokers for services provided to borrowers and the lender (see *Bankers Trust v.*

18   *McFarland*, supra, 743 N.Y.S.2d at p. 808 ["[YSP's] are accepted vehicles for lenders to

19   compensate mortgage brokers for services rendered in the closing transaction"])" *Byars v. SCME*

20   *Mortgage Bankers, Inc.*, 109 Cal. App. 4th 1134, 1149 (Cal. App. 4th Dist. 2003) and that where

21
     "the mortgagee's payment of a yield spread premium to a mortgage broker was lawful, it could
22

23   not constitute a basis of a claim under § 17200. *Id.*

24        In determining whether a YSP is proper, the test is whether goods or services were

25   actually provided and whether the YSP is reasonably related to the goods and services provided.

26

27                                              7

28

1  Here, because Plaintiff provides absolutely no information as to the alleged YSP, including its

2  amount, there is no way to make a determination as to whether it was allowable. Plaintiff's

3  generic allegation that "a YSP was paid in violation of RESPA" is an insufficient conclusion. A

4  complaint containing mere "labels and conclusions," or "formulaic recitations of the elements of

5  a cause of action" will not suffice to overcome a motion to dismiss. *Twombly, supra,* 127 S. Ct.

6
7  at 1964-65; see also, *Ashcroft v. Iqbal,* ___U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (May 18,

8  2009). For this additional reason, this claim should be dismissed.

9  **VIII.    SEVENTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE §**
   **1916.7b(2)**
10

11        Plaintiff alleges that Defendants violated Civil Code § 1916.7b(2) because the interest

12  rate on this adjustable rate loan changed monthly while Civil Code § 1916.7b(2) permits only

13  semi-annual changes. [Complaint ¶¶ 82-85.] This cause of action is preempted by federal law.

14        Civil Code § 1916.7b(2) is preempted by the federal Alternative Mortgage Transactions

15  Parity Act ("AMPTA"), 12 U.S.C. sections 3801, *et seq.* The AMTPA was enacted specifically

16  to create parity between state and federally chartered lenders making variable rate mortgage
17
18  loans. 12 U.S.C. §§ 3801-3803. "In enacting the Parity Act, Congress clearly intended to preempt

19  state law to the extent it authorized non- federally chartered housing creditors to take advantage of

20  the federal regulations for alternative mortgage transactions that govern federally chartered

21  lending institutions." *National Home Equity Mortgage Assn. v. Face ("Face"),* 239 F.3d 633,

22  637 (4th Cir. 2001).

23        In fact, the AMPTA implementing regulations[1] specifically state that lenders making

24

25  _____

26  [1] "Federal regulations have no less pre-emptive effect than federal statutes." *Fidelity Federal Sav. & Loan*
   *Assn. v. de la Cuesta,* 458 U.S. 141, 153 (1982).

27                                                        8

28       DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN
         SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE
                                   DEFINITE STATEMENT

1   alternative mortgage (i.e., adjustable rate loans) need not comply with any State laws. Section

2   560.210(a) states that, if a lender complies with the regulations identified in Section

3   560.210(b), then said lender need not comply with any State law governing that area:

4   > (a) *Applicable housing creditors.* A housing creditor that is not
    > a commercial bank, a credit union, or a federal savings
5   > association, may make an alternative mortgage transaction as
    > defined at 12 U.S.C. 3802(1), by following the regulations
6   > identified in **paragraph (b)** of this section, **notwithstanding any
    > state constitution, law, or regulation.**

7

8   12 C.F.R. § 560.210(a) (emphasis added).

9   Section 560.210(b) identifies Section 560.210 as one of the federal regulations

10  available for lenders to follow: "(b) *Applicable regulations.* OTS identifies §§560.35 and

11  *560.210* as appropriate and applicable for state housing creditors. 12 C.F.R. § 560.210(b)

12  (emphasis added).

13  Section 560.210 covers the disclosures a lender must provide in adjustable rate loans:

14  "A savings association must provide the initial disclosures described at 12 CFR 226.19(b) and

15  the adjustment notices described at 12 CFR 226.20(c) for variable rate transactions, as

16  described in those regulations." 12 C.F.R. § 560.210.

17  As a result, the AMPTA preempts the disclosure requirements in California's Civil

18  Code sections 1916.7.[2]  Plaintiff's state law claim therefore conflicts with, and is

19  preempted by, the AMTPA and should be dismissed without leave to amend.

20  **IX.   EIGHTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE §§
             1918.5-1921.1920(a)**

21  Plaintiff alleges that Defendants violated Civil Code §§ 1918.5-1921.1920(a).  There is

22  no Civil Code §1921.1920.  Assuming this is a typographic error and further assuming that

23  _____

24  [2] When one reads Civil Code sections 1916.7 closely, it clear that California law treats adjustable
25  rate loans very differently. For example, under Civil Code section 1916.7(b), a lender may not adjust
    the interest rate without at least 60 days notice and a borrower can unilaterally extend the term of
26  his/her ARM loan by up to ten years. Under Federal regulations (e.g., 12 CFR 226.20(c)), a lender
    only has to give 25 days notice, and borrowers cannot unilaterally extend their loan terms.
27                                               9

28  DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN
    SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE
    DEFINITE STATEMENT

1    Plaintiff meant to allege application of Civil Code §§ 1918.5-1921, those sections require lenders

2    to provide disclosures regarding adjustable rate mortgages.  Pursuant to the AMPTA, these

3    statutes are preempted and this cause of action should be dismissed with prejudice.

4
**X.    NINTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE §**
5    **1916.7B**

6         There is no Civil Code Section 1916.7B separate from Civil Code Section 1916.7.  As a

7    result, this cause of action is duplicative of the Seventh Cause of Action.  Please see the

8    discussion of that cause of action, incorporated herein by reference.

9
**XI.    TENTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE**
10    **§ 1916.7 10(C)**

11         There is no Civil Code Section 1916.7 10(C) separate from Civil Code Section 1916.7.

12    As a result, this cause of action is duplicative of the Seventh Cause of Action.  Please see the

13    discussion of that cause of action, incorporated herein by reference.

14
**XII.    ELEVENTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE**
15    **§ 2079.16**

16         Plaintiff alleges that Defendants violated Civil Code § 2079.16, which requires that

17    information relating to dual agency relationships be added to the disclosure required under Civil
18
19    Code § 2079.14.  This cause of action fails as a matter of law for several reasons.

20         First, Civil Code §§ 2079.14 and 2079.16 apply to "listing agent[s]" and "selling

21    agent[s]" in a "real property transaction" and involve their relationships with "buyers" and

22    "sellers".  There are no references to loans, loan brokers, or lenders.  Accordingly, these sections

23    do not apply to Defendant, a lender.

24         Plaintiff apparently recognizes that, at best, §§ 2079.14 and 2079.16 apply to brokers of
25
26    some nature and not lenders.  Plaintiff, assuming that these statutes apply to loan brokers,

27                                            10

28

1  attempts to link Paul Financial, a lender, to the loan broker by citing authority allegedly holding

2  that a broker is both the borrower's and the lender's agent. His "evidence" is that Paul Financial

3  pays the brokers premium on loan and contractually obligates the brokers to "buy back"

4  loans that are fraudulent or go into default. [Complaint ¶ 101.] The implication is that paying

5  money to a broker or holding a broker liable for fraudulent loans as a condition to making

6

7  brokered loans, somehow creates an principal agent relationship as opposed to a mere contractual

8  relationship. There is no authority supporting such a logical leap.

9      Plaintiff cites two inapposite cases allegedly supporting the proposition that a broker may

10  be the agent of a lender even without a written agency agreement. Indeed, *Wyatt v. Union*

11  *Mortgage Co.* (1979) 24 Cal.3d 773, cited by Plaintiff, supports the opposite proposition: "A

12  mortgage loan broker is customarily retained by a borrower to act as the *borrower's agent* in

13  negotiating an acceptable loan." *Id.* at 782. [Emphasis in original.] In *Montoya v. McLeod*

14

15  (1985) 176 Cal.App.3d 57, cited by Plaintiff, the issue was whether a loan broker who solicited

16  persons to invest in a loan that failed had a fiduciary duty **towards those investors he solicited**.

17  The borrower was not a party to the action. Thus, *Montoya* is inapposite.

18      Plaintiff lists certain elements to be considered in determining whether an agency

19  relationship exists, but fails to allege any facts supporting those elements in this matter (except

20  for payment of money which is the most common consideration in non-agency contractual

21  relationships and, therefore, means nothing by itself).

22

23      In addition, Plaintiff makes the conclusory allegation that "the relationship between Paul

24  and the other Defendant's [*sic*] most notably PREMIER are agents to [*sic*] Paul and subject to

25  liability. [Complaint ¶ 103.] This is non-sensical. Assuming Plaintiff was attempting to allege

26  that the broker was Paul's agent, this would be an impermissible legal conclusion. *Bell Atlantic*

27

11

28

1  *Corp. v. Twombly,* 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1964-65 (2007); *Monaco*

2  *v. Liberty Life Assur. Co.,* No., 3:06-cv-07021-PJH (C06-07021 MJJ), 2007 WL 420139, at *6

3  (N.D. Cal. Feb. 6, 2007) (dismissing agency, partnership and joint venture allegations where

4  complaint failed to allege any supporting facts).

5       For the foregoing reasons, even if Civil Code §§ 2079.14 and 2079.16 applied to loans in

6  the first instance, Plaintiff's attempt to hold Paul Financial vicariously liable for the broker's acts

7  

8  and omissions fails.  This cause of action should be dismissed without leave to amend.

9  **XIII.   TWELFTH CAUSE OF ACTION FOR VIOLATION OF REGS. 226.23(3) and 226.17**

10  

11       Plaintiff alleges that Defendants violated 12 CFR § 226.23 by failing to make numerous

12  disclosures and seeks rescission.  [Complaint ¶¶ 107-109]

13       First, Paul Financial *did* provide the disclosures required by 12 CFR § 226.23.  The TIL

14  Disclosure and California Insurance Disclosure are respectively attached as Exhs. A and B to

15  Frank Declaration.[3]  There is no requirement under 12 CFR § 226.23 that the lender provide a

16  Mortgage Loan Origination Agreement and California Insurance Disclosure or disclose the

17  alleged YSP.

18  

19       Plaintiff also seeks rescission based on an alleged violation of 12 CFR § 226.17 by failing

20  to provide him with a completed notice of right to cancel (which Plaintiff sometimes refers to as

21  a notice of right to rescind) and two copies thereof.  [Complaint ¶ 110.]  Attached as Exhibit C to

22  

23  

24  [3] When the plaintiff does not attach to the complaint the documents on which it is based, the defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support the plaintiff's claim. *Branch v. Tunnell* (9th Cir. 1994) 14 F.3d 449, 454 (overruled on other grounds in *Galbraith v. County of Santa Clara* (9th Cir. 2002) 307 F.3d 1119, 1127); *Bryant v. Avado Brands, Inc.* (11th Cir. 1999) 187 F.3d 1271, 1281, fn. 16. In *Knievel v. ESPN* (9th Cir. 2005) 393 F.3d 1068, 1076, the Ninth Circuit held that "[W]e have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."

25  

26  

27                         12

28      DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT

1  Frank Dec. is a copy of the notice of right which is (1) signed by Plaintiff, (2) completed

2  (including the last date to rescind), and (3) which states that Plaintiff had received two completed

3  copies thereof.  Thus, Plaintiff's allegations are contradicted by the actual documents.

4          In any event, even if Plaintiff could otherwise state a claim, he has not alleged that he has

5  tendered the loan principal or has the ability to do so.  12 CFR §§ 226.17 and 226.23 are

6
   regulations carrying out TILA.  TILA rescission requires the borrower to return the loan
7
   principal minus all interest and fees paid to the creditor and all third parties at closing and any
8
9  fees paid to the creditor after closing. *Semar v. Platte Valley Federal Savings and Loan*, 791 F.2d

10 699 (9th Cir. 1986). Under the literal language of 15 U.S.C. § 1635(b), a consumer exercising his

11 right of rescission need not return the principal of the loan to the creditor until after the creditor

12 has released the security interest. See 15 U.S.C. § 1635(b). But the last sentence of that section

13
   states that "the procedures prescribed by this subsection shall apply except when otherwise
14
15 ordered by a court." 15 U.S.C. § 1635(b). The Ninth Circuit has interpreted that sentence to

16 allow courts to require that the borrower return the loan's principal balance to the creditor **before**

17 rescission is granted. See *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003)

18 (courts have the power to confirm that the borrower "could repay the loan proceeds before going

19 through the empty (and expensive) exercise of a trial on the merits"); *American Mortgage*

20 *Network, Inc. v. Shelton*, 486 F.3d 815, 820; *Powers v. Sims and Levin*, 542 F.2d 1216 (4th Cir.
21
   1976) (courts may exercise "traditional equity powers" and "condition the Borrower's continuing
22
23 right of rescission upon their tender to the lender of all the funds spent by the lender").  Plaintiff

24 has not alleged that he tendered the principal or has the ability to do so.  For this additional

25 reason, this cause of action should be dismissed.

26

27                                            13

28     DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN
       SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE
                                    DEFINITE STATEMENT

1  **XIV.    THIRTEENTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE §
2       2932.5**

3         Plaintiff alleges that foreclosure is improper because the Mortgage Electronic

4  Registration System ("MERS") is the Deed of Trust beneficiary, but does not hold a beneficial

5  interest in the loan.  [Complaint ¶¶ 112-118.]  This cause of action should be dismissed for two

6  reasons.

7         First, there is no allegation that Paul Financial has any involvement with the foreclosure.

8  Second, even if Plaintiff had so alleged, the Northern District of California, in a recently

9  published decision, has rejected this very argument. *Pantoja v. Countrywide Home Loans, Inc.*,

10  640 F. Supp. 2d 1177, 1188-1189 (N.D. Cal. 2009).  The Deed of Trust contains the same

11  language upon which the *Pantoja* decision was based.  [Exh. D to Frank Dec. (Deed of Trust,

12  page 3).]  For these reasons, this cause of action should be dismissed with prejudice.

13

14  **XV.    FOURTEENTH CAUSE OF ACTION FOR RESCISSION**

15         Plaintiff seeks rescission based on an alleged TILA violation, failure to provide a

16  Mortgage Origination Agreement, fraudulent concealment, and unspecified "public policy

17  grounds".

18         As discussed above, Paul Financial has complied with TILA and, even if it had not,

19  Plaintiff has not tendered the loan principal or alleged that he has the financial ability to do so.

20  In addition, (1) there is no requirement that Paul Financial provide a Mortgage Origination

21  Agreement, (2) such an agreement would be between the borrower and his broker, and (3) even

22  if Paul Financial had been required to provide one and failed to do so, there is no authority

23  providing that rescission of the loan is a remedy.  Further, as discussed in connection with the

24  First Cause of Action, fraud has not been alleged with specificity as required under Rule 9(b).

25

26

27                                               14

28

1    Rather, the Complaint is filled with boilerplate, generic allegations and legal conclusions.  The

2    "public policy grounds" are unidentified.  For these additional reasons, this cause of action

3    should be dismissed.

4    **XVI.   FIFTEENTH CAUSE OF ACTION FOR FRAUD**

5    Plaintiff asserts that Paul Financial is liable for fraud because she did not qualify for the

6
7    loan and because "a broker or seller" "falsified" her credit application.  [Complaint ¶ 124-127.]

8    Plaintiff does not identify the "seller."

9    This cause of action should be dismissed for several reasons.  First, even assuming this

10   cause of action met Rule 9(b) specificity requirements (which it does not, as explained below),

11   Plaintiff has failed to allege a *prima facie* case of fraud.  The elements of fraud are as follows:

12   (1) a knowingly false representation by the defendant; (2) made with intent to deceive or induce

13   reliance by the plaintiff; (3) justifiable reliance by the plaintiff; (4) resulting damages."  *Smith v.*

14   *Allstate Ins. Co.*, 160 F.Supp.2d 1150, 1152 (S.D.Cal. 2001) (internal citations omitted).  Making

15   a loan (i.e. Paul Financial's relying on the representation made in the loan application as to

16
17   income without independent verification) does not constitute a "representation" by Paul

18   Financial to Plaintiff and, absent a representation, there can be no reliance.  Accordingly, Paul

19   Financial's acceptance of Plaintiff's application does not constitute fraud.

20   Second, lenders have no duty to their borrowers regarding the wisdom of their borrowing

21
22   money.  *Nymark v. Heart Fed. Sav. & Loan Ass'n* (1991) 231 Cal.App.3d 1089, 1096; *Peterson*

23   *Development Corp. v. Torrey Pines Bank* (1991) 233 Cal.App.3d 103, 119; *Wagner v. Benson*

24   (1980) 101 Cal.App.3d 27, 34-35; *Fox & Carskadon Financial Corp. v. San Francisco Fed. Sav.*

25   *& Loan Assn.* (1975) 52 Cal.App.3d 484, 488, 489; *Bradler v. Craig* (1969) 274 Cal.App.2d 466,

26   473, 476.  Not only have courts found no duty at all, but they have expressly held that

27

28   DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN
     SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE
     DEFINITE STATEMENT

1  underwriting standards are to protect the lender, not the borrower. "As to the negligence claim,

2  the Wagners allege they suffered substantial foreseeable harm from the Bank's negligence in

3  loaning money to them, as inexperienced investors, for a risky venture over which the Bank

4  exercised influence and control. However, the Bank owes no duty of care to the Wagners in

5  approving their loan." *Wagner, supra,* 101 Cal.App.3d at 35. "We agree with the trial court that

6  a financial institution acting within the scope of its conventional activities as a lender of money

7  owes no duty of care to a borrower in preparing an appraisal of the security for a loan when the

8  purpose of the appraisal simply is to protect the lender by satisfying it that the collateral provides

9  

10  adequate security for the loan.". *Nymark, supra,* 231 Cal.App.3d at 1092.

11  As to the allegation that the broker or "seller" falsified the loan application, Paul

12  Financial was the lender, not the broker, and the "seller" is unidentified. Moreover, Plaintiff's

13  theory makes no sense. Even assuming Paul Financial falsified Plaintiff's loan application, it

14  would not be defrauding Plaintiff, but "defrauding" **itself**. As discussed above, underwriting is

15  

16  to protect the lender not the borrower.

17  Moreover, even if Plaintiff could logically set forth a *prima facie* case, the allegations

18  made so far fall far short of the Rule 9(b) specificity requirements. As discussed above, a party

19  alleging fraud must state the time, place, and specific content of the false representations as well

20  as the identities of the parties to the misrepresentations, the individual corporate agents involved

21  

22  in the fraud, and may not lump all defendants together. Here, Plaintiff does not even come close

23  to meeting these requirements. He has lumped all defendants together without differentiation,

24  has not provided the "who, what, where, when", has not identified the individual employees

25  involved, etc.

26  For the foregoing reasons, this cause of action should be dismissed with prejudice.

27  16

28

1

## XVII.  SIXTEENTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES

2          Plaintiff alleges that Defendants violated Business and Professions Code § 17200 by

3   failing to undergo a diligent underwriting process and by failing to disclose unidentified

4   information regarding the loan.  [Complaint ¶¶ 131-132.]  As to the alleged insufficient

5   underwriting process, as discussed above, Paul Financial had no duty to undergo a "diligent"

6   underwriting process and, indeed, underwriting standards are to protect the lender, not the

7

8   borrower.  *Nymark, supra,* 231 Cal.App.3d at 1092 and 1096.

9          The allegations regarding the failure to disclose facts do not support this cause of action

10  because the allegedly undisclosed information is not identified.  "A plaintiff alleging unfair

11  business practices under these statutes must state with reasonable particularity the facts

12  supporting the statutory elements of the violation."  *Khoury v. Maly's of California, Inc.,* 14 Cal.

13  App. 4th 612 (1993).  See also, *Silicon Knights v. Crystal Dynamics,* 983 F. Supp. 1303, 1316

14  (N.D. Cal. 1997).  Plaintiff's copy cat generic allegations fail to meet this standard.  This claim

15

16  should be dismissed.

17  ## XVIII.  SEVENTEENTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY
    ##         DUTY

18

19         Plaintiff alleges that Paul Financial breached its fiduciary duty towards him.  As a matter

20  of law, a lender is not the borrower's fiduciary.  *Kim v. Sumitomo Bank* (1993) 17 Cal. App. 4th

21  974, 981; *Nymark, supra,* 231 Cal.App.3d at 1093 n.1 [same]; *Price v. Wells Fargo Bank* (1989)

22  213 Cal.App.3d 465, 476 [same]; *Downey v. Humphreys* (1951) 102 Cal.App.2d 323, 332 ["A

23  debt is not a trust and there is not a fiduciary duty relation between debtor and creditor as

24  such."].)  Accordingly, this cause of action should be dismissed without leave to amend.

25

26         ///

27         ///

                                    17

28  DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN
    SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE
    DEFINITE STATEMENT

1  ## XIX.    EIGHTEENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

2       This cause of action is difficult to comprehend.  Plaintiff alleges that in exchange for his

3  promise to repay the loan, Defendants "expected fair and truthful dealings, disclosures and

4  practices by Defendants while providing value to Defendants." [Complaint ¶ 142.]  Plaintiff also

5  alleges that a forced sale of his home and Defendants' unidentified "extreme profits" would be

6  inequitable and unconscionable. [Complaint ¶ 144.]

7

8       No information has been provided as to the specifics of the alleged unjust enrichment,

9  including the amount.  Nor has Plaintiff alleged that Defendants have been unjustly enriched as

10  Plaintiff's expense, or how, as required to state a cause of action.  A claim for unjust enrichment

11  requires pleading "the receipt of a benefit and the unjust retention of the benefit at the expense of

12  another." *Lectrodryer v. Seoulbank*, 77 Cal.App.4th 723, 726. "The mere fact that a person

13  benefits another is not in itself sufficient to require the other to make restitution therefor."

14  *Dinosaur Development, Inc. v. White*, 216 Cal.App.3d 1310, 1315 (1989).  For these reasons,

15  this cause of action should be dismissed.

16

17  ## XX.    NINETEENTH CAUSE OF ACTION FOR UNCONSCIONABILITY UNDER UCC 2-3202

18

19       Plaintiff alleges that the loan agreement contains "unconscionable terms" pursuant to

20  Commercial Code § 2-3202.  As discussed above, as a matter of law, the Commercial Code does

21  not apply to loans secured by real property.  Accordingly, this cause of action should be

22  dismissed without leave to amend.

23       Even of the Commercial Code applied, Plaintiff fails to identify any unconscionable loan

24  terms. For this additional reason, this cause of action should be dismissed.

25

26       ///

27       ///

18

28  DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE
DEFINITE STATEMENT

1 | **XXI.    TWENTIETH CAUSE OF ACTION FOR VIOLATION OF B&P CODE § 17200**

2      Plaintiff allege that the loan violated Business and Professions Code § 17200 because it

3 was "predatory". However, Plaintiff provides no **facts** showing that it was predatory. Instead,

4 he simply realleges factually-devoid conclusory allegations for fraud, exaggeration, etc. This is

5

6 insufficient to state a claim. As the United States Supreme Court recently held in *Ashcroft v.*

7 *Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (May 18, 2009), "[T]hreadbare recitals of

8 the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*,

9 129 S.Ct. at 1950. In addition, as noted above, § 17200 must be alleged with specificity.

10 *Khoury, supra,* 14 Cal. App. 4th 612; *Silicon Knights, supra,* 983 F. Supp. at 1316.

11      Plaintiff also criticizes Paul Financial's underwriting standards and its failure to advise

12 him that consolidating unsecured debt into secured debt was a "bad idea." However, Paul

13

14 Financial was not Plaintiff's financial advisor and had no duty towards Plaintiff. *Nymark, supra,*

15 231 Cal.App.3d at 1092 and 1096.

16      For these reasons, this cause of action should be dismissed.

17 | **MOTION FOR MORE DEFINITE STATEMENT**

18      As discussed above, each of the purported causes action asserted against Paul Financial

19 should be dismissed because of the legal deficiencies present in each claim. If the Court does not

20 dismiss all of the causes of action asserted in the Complaint, however, the Court should order

21

22 Plaintiff to provide a more definite statement of the remaining claims to clarify the precise

23 factual basis upon which those claims will stand.

24      Rule 12(e) authorizes a motion for more definite statement to be granted when the

25 pleading is "so vague or ambiguous that [the defendant] cannot reasonably be required to frame a

26 responsive pleading." Fed. R. Civ. P. 12(e). This means that the pleading must be pled "with

27 19

28 | DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN<br>SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE<br>DEFINITE STATEMENT

1  such clarity and precision that the defendant will be able to discern what the plaintiff is claiming

2  and to frame a responsive pleading."

3      The Complaint does not "plead a short and plain statement of the elements of his or her

4  claim" against PAUL FINANCIAL as required by Rule 8 and *Bautista.* See *Bautista,* 216 F.3d at

5  840. Accordingly, if this Court allows any of Plaintiff's claims to survive this Motion to Dismiss,

6  Plaintiff should be ordered to set forth in detail the specific facts supporting each count asserted

7  in this action.

8

9  Date: January 13, 2010

10                                  SCHEER LAW GROUP, LLP

11

12                          By:   s/ SPENCER P. SCHEER
                                  #107750
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          20

28  DEFENDANT PAUL FINANCIAL LLC'S MEMORADUM OF POINTS AND AUTHORITIES IN
    SUPPORT OF MOTION TO DISMISS COMPLAINT OR, ALTERNATIVELY, FOR A MORE
                        DEFINITE STATEMENT