```
1  PHAL S. PACHECO
2  23061 LA CASA COURT
   TRACY, CA 95304
3  PHONE: (209) 221-9562
4  PHAL S. PACHECO, PLAINTIFF IN PRO PER
```

**FILED**

APR 2 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHAL S. PACHECO, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>PAUL FINANCIAL, LLC, a California Corporation, form unknown; PREMIER CAPITAL MORTGAGE, LLC, a California corporation, form unknown; GMAC MORTGAGE, LLC, a business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a business entity, form unknown; and DOES 1 through 50, inclusive,<br><br>    Defendant. | Case No.: 2:10-CV-00085-GEB-GGH<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:  February 25, 2010<br>Time:  10:00 a.m.<br>Place:  U.S. District Court Eastern District<br>        Courtroom 9, 13th Floor<br>        501 I Street<br>        Sacramento, CA<br>Judge: Honorable Garland E. Burrell, Jr. |

## INTRODUCTION.

PLEASE TAKE NOTICE that Plaintiff PHAL S. PACHECO (hereinafter "Plaintiff") does hereby, for the reasons explained below, oppose Defendant PAUL FINANCIAL, LLC (hereinafter "Defendant") Motion to Dismiss Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(6), as well as Federal and California laws.

Plaintiff hereby incorporate by reference all facts as previously asserted by the pleadings filed to date herein.

Plaintiff have hereby stated viable causes of action against defendants, and each of them, while defendants engaged in their duties as lenders, servicers, and eventually, profiteers from plaintiffs as they entrusted them to assist them with financing the roof that they put over their heads. This endeavor was short-lived however, and plaintiffs are merely asking for their day in court to redress the wrongs that were perpetrated upon them by defendants.

## II.

## ARGUMENTS:

### A. The Legal Standard on a Motion to Dismiss:

Fed.R.Civ.P. 12(b)(6) permits dismissal only if a challenged pleading fails to "state a claim upon which relief can be granted." The minimum pleading requirement set by Fed.R.Civ.P. 8(a) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 512 (2002).

To satisfy this liberal pleading standard, a complaint ***does not need detailed factual allegations.*** (Emphasis added). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). Rather, the complaint's allegations need only "be enough to raise a right to relief above the speculative level." *Id.*

Further, Fed.R.Civ.P. (10)(c) "Adoption by Reference" states the following regarding Exhibits:

> "A statement in a pleading may be adopted by reference or
> Elsewhere in the same pleading or in any other pleading

Plaintiff's Opposition to Motion to Dismiss Complaint- Page 2

(Pacheco v. Paul Financial, LLC, et al.), Case No. 2:10-CV-00085-GEB-GGH

By motion. A copy of a written instrument that is an Exhibit to a pleading Is a part of the pleading for all purposes."

While defendants assert several times in many arguments throughout their Motion to Dismiss that the allegations of the Complaint were pled in a conclusory and "shotgun" manner, and therefore, plaintiffs do not merit a right to be heard by the Court. Even if that were the case, which plaintiffs are NOT conceding in any way whatsoever, Rule 10(c) provides that the many exhibits that set forth all of the loan documents, TILA, RESPA, and Deeds of Trust, etc., speak volumes about this matter and are as much of a part of the case as the complaint itself.

Were defendants' Motion to succeed based upon this argument, there would be no redress in the law for the common person in this country. And to assert that defendants could not look at the Exhibits and know which document they were involved in preparing is ludicrous. Defedants are all professionals in their fields, and given the subject matter herein, are no strangers to this type of lawsuit.

It is ascertainable that between the Complaint and Exhibits in the instant case, the Defendant in this matter are on adequate notice as to which party is being hailed into this Court for what Cause of Action.

In fact, on the principle: "for every law, there is a remedy," California courts have repeatedly held that when a statute is passed to protect the public, there is always the implied right to bring action for its violation or the statute will mean nothing.

In *Laczko v. Jules Meyers, Inc.*, 276 Cal.Appl2d 293, the plaintiff brought an action claiming the defendant violated Vehicle Code 28051. After the Trial Court sustained the demurrer claiming there was no proof of the existence of a contract between the parties, the Appellate Court REVERSED that ruling, stating:

"Violation of a Statute duty to another may therefore be

> A tort and violation of a statute embodying a *public policy* (Emphasis added) is generally actionable *even though no specific Remedy is provided in the statute itself* (emphasis added). Any Injured party for whose benefit the statute was enacted may bring The action. 276 F.3d at 295."

In other words, it is in the very least, good public policy that this Court either (a) allow the bare bones pled Complaint and its Exhibits to commence as a viable action so that Plaintiff, can see this action all the way through; or in the alternative, (b) allow Plaintiff to amend their Complaint to the satisfaction of the Court.

### B. Contrary to Defendant' Claim in Their Motion, "The Tender Rule" Is NOT Mandatory, Rather, It is Within Discretion of the Court.

In *Avila v. Stearns Lending* (C.D.Cal.April, 7, 2008) WL 1378231 the court reasoned:

"Rescission premised upon tender is not mandatory but an option within the equitable powers of the court."

The Rule of Tender, an argument that Defendant made often in their motion, states that as a matter of equity, prior to (in this case) Plaintiff being able to rescind the transaction at-issue, they must have tendered back or have offered to tender back the proceeds of the loan, etc., prior to the rescission taking place, otherwise no rescission rights attach.

The case upon which they substantially rely is *Yamamoto v. Bank of New York* (329 F.3d 1167 (9th Cir.2003). In fact, *Yamamoto* is a landmark case in this area of the law. However, it **still** states, in fact, *Emphasizes* a District Court's "Equitable Discretion to modify Rescission Procedures." (Emphasis added).

Despite the fact that the court in *Yamamoto, supra,* found in favor of the defendants, (the facts however, are different in the instant case). The reasoning however, remained that the

Court had to retain its DISCRETION as to whether or not it could require full tender or if it could require monthly payments from the borrower, should it see fit.

The point here is that this Tender Rule that defendants are claiming that puts Plaintiff out of their own lawsuit is unfounded and misquotes the intention of every court in the country.

It is further notable that if there are rescission or tender instructions that were given to Plaintiff, they are not noticeably or readily found among the documents provided him by defendants at the inception of his loan(s). This is a violation of Title 1 of the Consumer Credit Protection Act, Regulation Z (12 C.F.R. Part 226).

### C.

### THE STATUTE OF LIMITATIONS IN THIS CASE IS THREE YEARS. HOWEVER, IN CERTAIN INSTANCES, IT CAN BE TOLLED.

The Statute of Limitations period for rescission is, in general, three years from the date of consummation of the transaction or prior to the "sale of the sale of the property, whichever occurs first." 15 U.S.C. section 1635(f); *Semar v. Platte Valley Federal Savings and Loan Ass'n* 791 F.2d 699 (9th Cir. 1986).

In certain instances, when the borrower is not clearly informed as to his/her right to cancel their transaction and if they are not given two copies of that form explaining their right(s), their right to cancel; AND if they are not also provided the same amount of copies of their TILA rights and Disclosures, their time is tolled until this problem is corrected. 15 USC section 1635(f).

### D.

### Plaintiff Has Adequately Stated Violation(s) of TILA:

### B. Plaintiff Have Adequately Stated Claims for Violation of TILA.

Plaintiff's Opposition to Motion to Dismiss Complaint-  Page 5
(Pacheco v. Paul Financial, LLC, et al.), Case No. 2:10-CV-00085-GEB-GGH

**1. Overview of the Truth-in-Lending Act ("TILA").**

TILA is a comprehensive consumer protection statute, enacted by Congress to "avoid the uninformed use of credit." 15 U.S.C. § 1601. To that end, Congress, through TILA, "sought to protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). *See also Semar v. Platte Valley Fed. Sav.& Loan Ass'n*, 791 F.2d 699, 705 (9th Cir. 1986) ("Congress designed [TILA] to apply to all consumers, who are inherently at a disadvantage in loan and credit transactions.").

TILA is a remedial statute and must be interpreted liberally in favor of the consumer. *Jackson v.Grant*, 890 F.2d 118, 120 (9th Cir. 1989). *See also Plascencia v. Lending 1st Mortgage*, No. 07-cv-04485-CW, 2008 WL 1902698, *3 (N.D. Cal. Apr. 28, 2008) ("TILA has been liberally construed in the Ninth Circuit.") (internal quotations and citation omitted). Thus, even "[t]echnical or minor violations" of TILA or Regulation Z impose liability on the creditor. *Semar*, 791 F.2d at 704. "To insure that the consumer is protected ... [TILA and Regulation Z must] be absolutely complied with and strictly enforced." *Id.*

Because the purpose of TILA is to assure meaningful disclosures, "the issuer must not only disclose the required terms, it must do so accurately." *Rossman v. Fleet Bank (R.I.)Nat'l Ass'n*, 280 F.3d 384, 390-91 (3d Cir. 2002). "The accuracy demanded excludes not only literal falsities, but also misleading statements." *Id.* (citation omitted). Significantly,

TILA disclosures must be made in language that is clear and understandable to ordinary consumers. The sufficiency of TILA disclosures are "to be viewed from the standpoint of an ordinary consumer, not the perspective of a Federal Reserve Board member, federal judge, or

English professor." *Smith v. Cash Store Mgmt.*, 195 F.3d 325, 327-28 (7th Cir. 1999) (citation omitted).

The Federal Reserve Board of Governors ("FRB") implements TILA through Regulation Z (12 C.F.R. § 226) and its Official Staff Commentary, which is binding on all lenders. *First Nat'l Bank of Council Bluffs v. Office of the Comptroller of the Currency*, 956 F.2d 1456, 1460 (8th Cir. 1992), citing *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 560 (1980). The Official Staff Commentary to Regulation Z makes clear that each disclosure must not cause another disclosure to be obscured or become less clear. 12 C.F.R. Pt. 226, Supp. I, 17(a)(1)-1.

That commentary states that 12 C.F.R. § 226.17 requires disclosures to be "Clear and conspicuous. This standard requires the disclosures be in a reasonably understandable form. For example, while the Reg. requires no mathematical progression or format, the disclosures must be presented in a way that does not obscure the relationship of the terms to each other." *Id.* (emphasis added). A vague or misleading disclosure is as much a violation of TILA and Regulation Z as no disclosure at all. *Barnes v. Fleet Nat'l Bank*, 370 F.3d 164, 174 (1st Cir. 2004) (citation omitted).

TILA prohibits lenders from providing conflicting or inconsistent disclosures, including where the inconsistency arises between different documents. *Shroder v. Suburban Coastal Corp.*, 729 F.2d 1371, 1381 (11th Cir. 1984) (description of loan terms in TILA disclosure statement that conflict with description of loan terms contained in note violates TILA); *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006) (where a lender provided a borrower with a correct disclosure form but also provided the borrower with an incorrect form, the disclosure was unclear in violation of TILA); *Roberts v. Fleet Bank (R.I.)*, 342

F.3d 260, 267-68 (3d Cir. 2003) (in determining whether a required disclosure is clear, a court may consider the other information that the lender provided to the borrower).

Indeed, "[t]he cardinal principle of the TILA and its Regulations is making sure that [all documents issued in a given transaction and the disclosure statement] are identical, with the disclosure statement being more clearly worded and perhaps shorter, but providing accurate information in order that the consumer can refer to it as a benchmark in his or her hypothetical 'shop for credit.'" *In re Martin*, 72 B.R. 126, 127-28 (Bankr. E.D. Pa. 1987).

It is not enough for Defendant to argue that it provided specific disclosures required by TILA. Rather, it must demonstrate that the disclosures it provided were clear, conspicuous, understandable and not contradicted or made confusing by its other express and implied representations in the loan documents. Compliance with this standard should not be evaluated in connection with a motion to dismiss. *See, e.g., Plascencia*, 2008 WL 1902698; *Pham v. T.J. Fin., Inc.*, No.08-275-ABC, 2008 WL 3485589 (C.D. Cal. Aug. 11, 2008).

It is telling that in the case at bar, Plaintiff had a clause in their loan documents that stated that there may be a penalty for pre-payment. However, it explained nothing about the penalties or gave any numbers. It just checked the box that the penalties may apply.

The above-described practices are precisely that which 1639 of TILA and section 32 of Regulation Z is designed to protect. Among the prohibitions against TILA high-cost loan violations are:

- The imposition of a higher interest rate if the borrower defaults;

- Prepayment penalties;

- Wrongfully documenting a closed-end, high-cost loan as an open-end loan. For example, a high-cost mortgage cannot be structured as a HOME EQUITY LINE OF CREDIT if the creditor has NO reasonable expectation that repeat transactions will occur.

Plaintiff simply request that the court allow them the chance to remedy any deficiencies in the pleadings, should that be the case. As illustrated above, this claim does fall within the parameters of TILA and RESPA and Plaintiff are among those for whom those statutes and in particularly, Reg.Z was created to assist.

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). Leave to amend should be granted even if the plaintiff did not request leave, unless it is clear that the complaint cannot be cured by the allegation of different facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal quotation marks and citation omitted).

### III.

### CONCLUSION.

Plaintiff has respectfully shown the court that they have, between their Complaint and all Exhibits, pled with sufficient particularity as required under F.R.C.P. Rule 10(c) and Rule 12(b)(6) enough facts to keep this action in equity and for damages alive, or in the alternative, to allow leave to amend their Complaint.

As a citizen of this country, the egregious treatment Plaintiff has received is outrageous and has resulted in the loss of their savings and the very roof over their heads. Our citizens of all race, creed, color, and backgrounds deserve better than that.

It is sincerely requested that Plaintiff be afforded at least their day in Court, to redress any possibility of remedies that they may have. For this was not just a "bad deal" but part of something that has left Plaintiff with less than nothing because they trusted the wrong people.

It is for that reason that Plaintiff respectfully request that Defendant' Motion to Dismiss the Complaint be Denied.

Respectfully Submitted:

March 31, 2010

By: PHAL S. PACHECO, PLAINTIFF IN PRO PER

# CERTIFICATE OF SERVICE

I, Michael Rorquist, hereby certify that I am not a party to the action and am of such age and discretion as to be competent to serve papers.

I further certify that on this date I caused a copy of the **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** to be placed in a postage-paid envelope addressed to the defendant(s), at the addresses stated below, which are the last known addresses of said defendants, and deposited said envelope(s) in the United States mail.

Addressee:

Spencer Paul Scheer, Esq.
Scheer Law Group, LLP
155 N. Redwood Drive, Suite 100
San Rafael, CA 94903

Phone Number: (415) 491-8900
Fax Number: (415) 491-8910

Attorneys for Defendants,
PAUL FINANCIAL, LLC

Dated this 1ST day of April, 2010

*[signature]*

---

1

**PROOF OF SERVICE**