IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHAL PACHECO,

    Plaintiff,               CIV. NO. S-10-0085 GEB GGH PS

    vs.

PAUL FINANCIAL, et al.,

                              FINDINGS & RECOMMENDATIONS

    Defendants.

_____/

        This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21). Plaintiff initiated this action on October 16, 2009 in superior court, and defendants removed it to this court on January 11, 2010. In the order requiring timely service and joint status report, filed January 11, 2010, plaintiff was advised of the requirement to obey federal and local rules and orders of this court, and the possibility of dismissal for failure to do so. Defendants filed a motion to dismiss on January 15, 2010, to which plaintiff did not respond. By order filed February 17, 2010, the hearing date was continued for three weeks, and plaintiff was directed to show cause in writing by March 4, 2010 for his failure to oppose the motion, and to file an opposition to the motion by that date. Plaintiff was warned that failure to file an opposition or statement of non-opposition and appear at the hearing would be deemed a statement of non-

1  opposition, and that a recommendation of dismissal would result.  The hearing was continued for
2  three weeks; however, plaintiff did not respond to the show cause order and did not file an
3  opposition, causing the court to vacate the matter from the hearing calendar for March 18, 2010,
4  and take the matter under submission.  On April 2, 2010, over four weeks after the court ordered
5  filings were due, plaintiff filed a response to the order to show cause and an opposition to the
6  motion.

7  Although the court liberally construes the pleadings of pro se litigants, they are
8  required to adhere to the rules of court.  As set forth in this court's prior order, failure to appear
9  at a scheduled hearing may be deemed not only withdrawal of opposition to a motion and but
10 grounds for sanctions.  E. D. Cal. L. R. 78-230(j).  More broadly, failure to comply with the
11 Local Rules "may be grounds for imposition . . . of any and all sanctions authorized by statute or
12 Rule or within the inherent power of the Court."  E. D. Cal. L. R. 11-110; see also E. D. Cal. L.
13 R. 83-183 (requiring compliance with the Local and Federal Rules by pro se litigants).

14 "Failure to follow a district court's local rules is a proper ground for dismissal."
15 Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's
16 interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the
17 risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their
18 merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize
19 dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash
20 R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).
21 Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction
22 of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
23 (setting forth same factors for consideration as Ghazali).

24 The court has considered the factors set forth in Ghazali.  "[T]he key factors are
25 prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th
26 Cir.1990).  Plaintiff's response to the order to show cause states only his apologies and that he

1 had familiarized himself with the state court deadlines before the action was removed to federal
2 court, and then had to scramble to learn the federal rules after removal.  These excuses are not
3 sufficient.  Although plaintiff eventually filed an opposition, he did so a month late, and after the
4 court had already continued the hearing for three weeks when plaintiff did not file an opposition
5 as he originally was required to do.  Therefore, plaintiff's opposition is stricken.

6          Defendants are clearly prejudiced by the requirement of defending a practically
7 abandoned case, and this court is put in the untenable position of expending limited judicial
8 resources to decide such a case on the merits.  The public's interest in expeditious resolution of
9 litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction,
10 direct that this case be dismissed.

11          Furthermore, the court has reviewed the motion to dismiss, and finds that it has
12 merit.  For the reasons set forth in defendants' papers, the motion to dismiss should be granted.

13          Accordingly, IT IS RECOMMENDED this action be dismissed with prejudice
14 pursuant to Federal Rule of Civil Procedure 41(b).

15          These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
17 fourteen (14) days after being served with these findings and recommendations, any party may
18 file written objections with the court and serve a copy on all parties.  Such a document should be
19 captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the
20 objections shall be served and filed within fourteen (14) days after service of the objections.  The
21 parties are advised that failure to file objections within the specified time may waive the right to
22 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

23 DATED: May 24, 2010

                             /s/ Gregory G. Hollows
24                          _____
                             GREGORY G. HOLLOWS
25                           U. S. MAGISTRATE JUDGE

26 GGH:076/Pacheco0085.41.wpd