1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6            FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    PHAL PACHECO,                  )
                                    )    2:10-cv-00085-GEB-GGH
9                 Plaintiff,        )
                                    )
10        v.                        )    ORDER*
                                    )
11   PAUL FINANCIAL, et al.,        )
                                    )
12                Defendants.       )
     _____)

13

14        On August 18, 2010, Plaintiff filed a Motion for

15   Reconsideration under Federal Rule of Civil Procedure 60(b)(1) ("Rule

16   60(b)(1)") requesting that the decision of this Court to dismiss his

17   action with prejudice be set aside. Plaintiff's motion has not been

18   opposed. However, for the reasons stated forth herein, Plaintiff's

19   Motion for Reconsideration is denied.

20                          **I. Background**

21        On October 16, 2009, Plaintiff initiated this action against

22   Defendants in San Joaquin County Superior Court. (Docket No. 1.)

23   Plaintiff's Complaint alleges twenty claims against Defendants arising

24   out of a loan Defendants allegedly made to Plaintiff that was secured by

25   Plaintiff's real property. (Pl.'s Compl. ¶ 1.) On January 11, 2010,

26   Defendants removed the action to federal court pursuant to 28 U.S.C.

27   _____

28        *    This matter is deemed suitable for decision without oral
     argument.  E.D. Cal. R. 230(g).

                                    1

sections 1441(a) and (b). (Docket No. 1). In the Order Requiring Timely Service and Joint Status Report, also filed January 11, 2010, Plaintiff was informed of the requirement to obey federal and local rules, as well as orders of the Court, and that failure to do so could result in dismissal. (Order Requiring Timely Service and Joint Status Report ¶ 5.)

On January 15, 2010, Defendants filed a Motion to Dismiss. (Docket No. 8.) Plaintiff did not respond to the Motion to Dismiss by February 11, 2010, the filing deadline. (Order and Order to Show Cause 1:15-19.) An order was issued on February 17, 2010 continuing the hearing date on the motion to March 18, 2010, and directing the Plaintiff to show cause in writing by March 4, 2010 for his failure to oppose the motion. Id. 2:7-11. Plaintiff was also ordered to file an opposition by March 4, 2010. Id. 2:12-13. The order warned Plaintiff that failure to file an opposition (or statement of non-opposition) and appear at the hearing would be deemed a statement of non-opposition, and that a recommendation of dismissal would result. Id. 2:13-15.

Plaintiff did not respond to the show cause order or file an opposition by March 4, 2010. (Findings & Recommendations 2:2-3.) Nearly a month later on April 2, 2010, Plaintiff filed a response to the show cause order and an Opposition to the Motion to Dismiss. (Docket Nos. 13, 14.)

On May 24, 2010, the magistrate judge issued his Findings and Recommendations, recommending this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Findings & Recommendations 3:13-14.) On July 21, 2010, the Court adopted the magistrate's Findings and Recommendations and dismissed Plaintiff's action with prejudice. (Order 2:2-3, July 21, 2010.)

**II. Discussion**

Plaintiff argues that the Order dismissing this action should be vacated under Rule 60(b)(1), which states "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). To support this argument, Plaintiff raises his status as a pro se litigant and states he could not afford an attorney to represent him. (Decl. of Pl. Phal S. Pacheco ("Pl.'s Decl.") ¶¶ 6, 9.) Plaintiff also states he underestimated the time and preparation needed to prepare an opposition and respond to the show cause order. Id. ¶ 6. Additionally, Plaintiff states he had difficulties learning the Federal Rules of Civil Procedure after the case was removed and dealing with the emotional stress of losing his home while still supporting his family. Id. ¶¶ 6, 8, 9. Plaintiff argues these circumstances amount to both excusable neglect and inadvertence under Rule 60(b)(1).

**A.   Excusable Neglect**

Whether neglect is excusable is an equitable determination that depends on at least four factors: 1) the danger of prejudice to the opposing party; 2) the length of the delay and its potential impact on the proceedings; 3) the reason for the delay; and 4) whether the movant acted in good faith. Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

Under the first factor, Defendants will not likely suffer prejudice other than having to defend a case that was already dismissed. While this may be inconvenient, "the mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require

denial of a 60(b)(1) motion." <u>Bateman</u>, 231 F.3d at 1225 (citing <u>Hibernia</u>
<u>Nat'l Bank v. Administracion Cent. Sociedad Anonima</u>, 776 F.2d 1277, 1280
(5th Cir. 1985)).

As to the second factor, Plaintiff filed his opposition and
responded to the show cause order approximately two months after the
original filing date for an opposition and approximately one month after
the show cause order required him to respond. It is not clear what
potential impact (if any) this delay will have.

As to the third factor, Plaintiff's reason for delay
essentially is that he underestimated the time he had to prepare an
opposition and had to learn the federal rules for civil procedure since
the case was removed. However, pro se litigants are not excused from
following court rules, <u>Briones v. Riviera Hotel & Casino</u>, 116 F.3d 379,
382 (9th Cir. 1997), and an error resulting solely from failing to
follow the rules is generally insufficient to show excusable neglect.
<u>Id.</u>; <u>see also Speiser, Krause & Madole P.C. v. Ortiz</u>, 271 F.3d 884, 887
n.3 (9th Cir. 2001). Plaintiff also states that having to deal with the
stress of losing his house and providing for his family added to the
difficulty in preparing an opposition and response to the show cause
order. (Pl.'s Decl. ¶ 8.) These facts do not amount to excusable neglect
since Plaintiff bore the risk that this action would be time consuming
by originally bringing a detailed, twenty-claim complaint against
Defendants.

As to the fourth factor, it is not apparent that Plaintiff
acted with bad faith in failing to timely file an opposition and respond
to the show cause order since there appears to be no wrongful motive in
the delay. But it is equally unapparent that Plaintiff acted in good
faith. As just noted, Plaintiff is responsible for knowing the rules,

and he risked time-consuming litigation by filing a detailed complaint against Defendants.

On balance, these four factors lead to the conclusion that Plaintiff has not shown excusable neglect. Instead, Plaintiff is accountable for knowing the rules of this court and took on the prospect of being involved with time-consuming litigation by initiating this action. Accordingly, he is not entitled to relief under Rule 60(b)(1) based on excusable neglect.

**B.   Inadvertence**

Plaintiff argues the same circumstances detailed above entitle him to relief due to inadvertence under Rule 60(b)(1). Again, however, pro se litigants are not excused simply from knowing and following court rules. Briones, 116 F.3d at 382; Speiser, 271 F.3d at 887 n.3. As such, Plaintiff has not demonstrated inadvertence under Rule 60(b)(1).

**C.   Ruling of Dismissal**

Plaintiff also argues that even if a sanction is appropriate for his delay in responding to Defendants' Motion to Dismiss and the show cause order, dismissal is too harsh of a sanction. However, failure to follow a district court's local rules (such as failing to appear at a scheduled hearing) is proper grounds for dismissal. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Plaintiff was also informed that a failure to file an opposition (or statement of non-opposition) would result in a recommendation of dismissal. (Order and Order to Show Cause 2:13-15.) Accordingly, dismissal of Plaintiff's action was an appropriate sanction.

///

///

///

### III. Conclusion

For the reasons stated above, Plaintiff's motion to reconsider dismissal of this action brought pursuant to Rule 60(b)(1) is denied, and this action remains dismissed with prejudice.

Dated:   September 28, 2010

GARLAND E. BURRELL, JR.
United States District Judge